# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CR-00276-GKF |
| | ) | |
| SHANNON JAMES KEPLER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss [Doc. 52] of defendant Shannon James Kepler.  For the reasons set forth below, the motion is denied.

### Background/Procedural History

On August 5, 2014, defendant Shannon J. Kepler fired multiple shots in a residential neighborhood, resulting in the shooting and killing of Jeremy Lake.  Mr. Kepler asserts that he shot Mr. Lake in self-defense.  During the incident, Mr. Kepler also fired shots in the general direction of M.H., a minor and Mr. Lake's half-brother, and Lisa Kepler, Mr. Kepler's daughter.  M.H. sustained injury.

Mr. Kepler was charged with one count of murder in the first degree in violation of Okla. Stat. tit. 21, § 701.7 and two counts of shooting with intent to kill in violation of Okla. Stat. tit. 21, § 652, in case no. CF-2014-3952 in the District Court in and for Tulsa County, State of Oklahoma.

Mr. Kepler was tried four times in state court.  In the first trial, in November 2016, the jury convicted Mr. Kepler of two counts of reckless conduct with a firearm, but declared itself hung with respect to the murder charge.  The second trial, which occurred in February 2017, resulted in a hung jury as to murder in the first degree.  The third trial, which occurred in June and July 2017, also resulted in a hung jury as to the murder count.  In October of 2017, the fourth jury convicted

Mr. Kepler of the lesser-included offense manslaughter in the first degree – heat of passion and sentenced him to fifteen years imprisonment.

Mr. Kepler appealed his convictions to the Oklahoma Court of Criminal Appeals.  While the appeal of the manslaughter conviction was pending, on July 9, 2020, the U.S. Supreme Court issued its decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), which held that the Muscogee (Creek) reservation had not been disestablished for purposes of federal criminal law.  Thus, parts of Tulsa County remain "Indian Country" for purposes of the federal Major Crimes Act, 18 U.S.C. § 1153, which grants exclusive jurisdiction to the federal government over crimes, including murder, committed by an Indian in Indian Country.

Based on *McGirt,* on August 19, 2020, the Oklahoma Court of Criminal Appeals remanded Mr. Kepler's case to Tulsa County District Court for an evidentiary hearing as to Mr. Kepler's status as an Indian and whether the crime occurred within the boundaries of the Muscogee (Creek) Reservation.  On November 16, 2020, Tulsa County District Judge Tracy L. Priddy submitted her Amended Findings of Fact and Conclusions of Law to the Oklahoma Court of Criminal Appeals. Therein, Judge Priddy concluded that, on the date of the incident, Mr. Kepler was an Indian and that the crime occurred within the boundaries of the Muscogee (Creek) Nation.

Anticipating Mr. Kepler's state court conviction being vacated, on November 5, 2020, a federal grand jury issued an Indictment against Mr. Kepler, charging him with the following offenses:  (1) first degree murder in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 1111; (2) causing death by using and discharging a firearm during and in relation to crimes of violence pursuant to 18 U.S.C. § 924(j); and (3) assault with a dangerous weapon in Indian Country, 18 U.S.C. §§ 1151, 1153, and 113(a)(3).[1]  [Doc. 2].  The Indictment also includes a

---

[1] Until such time as the Oklahoma Court of Criminal Appeals acts upon Judge Priddy's Findings

forfeiture allegation.  [*Id.*].  On November 17, 2020, Mr. Kepler made his initial appearance in federal court [Doc. 15], and, on November 23, 2020, Mr. Kepler pleaded not guilty to the federal charges.  [Doc. 28].

Mr. Kepler now seeks dismissal of the Indictment in its entirety pursuant to Fed. R. Crim. P. 12.  [Doc. 52].  On December 28, 2020, the government responded in opposition [Doc. 57] and therefore the motion is ripe for the court's determination.

### Motion to Dismiss as to Count One

Mr. Kepler argues that Count One of the Indictment should be dismissed because his due process rights have been violated, he has been placed in jeopardy multiple times, has been acquitted of murder, and it is fundamentally unfair for him to endure a fifth trial.[2]  [Doc. 52, p. 4]. Because Mr. Kepler's argument is premised on the multiplicity of trials in this matter, the court first considers the Fifth Amendment's protection against double jeopardy.

"The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense."  *United States v. Dinitz*, 424 U.S. 600, 606 (1976); *see also Oregon v. Kennedy*, 456 U.S. 667, 671-72 (1982); U.S. Const. amend. V.  "[The Double Jeopardy Clause] protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (internal footnotes omitted).  "The defendant bears the burden of proving a claim of double jeopardy."  *United States v. Denezpi*, 979 F.3d 777,

---

of Fact, the court has presumed, and will continue to presume, that Mr. Kepler was an Indian on the date of the crime, consistent with Judge Priddy's findings.

[2] In this regard, Mr. Kepler purports to incorporate by reference a motion to dismiss previously filed on his behalf before the fourth trial in state court.  [Doc. 52, p. 5].

781 (10th Cir. 2020) (quoting *United States v. Leal,* 921 F.3d 951, 958 (10th Cir. 2019)).

The Fifth Amendment's prohibition against multiple prosecutions for the "same offence" is not implicated by Count One. *First,* the U.S. Supreme Court has recognized, "[i]t has long been settled . . . that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) (citing *Ball v. United States,* 163 U.S. 662 (1896); *United States v. Tateo*, 377 U.S. 463 (1964)).  Thus, "[a]n acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and *therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense*." *Ball,* 163 U.S. at 669 (emphasis added).  Assuming that the Oklahoma Court of Criminal Appeals adopts Judge Priddy's findings, the District Court of Tulsa County lacked jurisdiction over Mr. Kepler and therefore the four prior trials were "absolutely void" and "no bar to subsequent indictment and trial" in a court of jurisdiction.

*Further* as recently discussed by the Tenth Circuit, "[t]he dual-sovereignty doctrine recognizes that 'a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign.'" *Denezpi*, 979 F.3d at 781 (quoting *Gamble v. United States*, — U.S. —, 139 S. Ct. 1960, 1964 (2019)); *see also Gamble*, 139 S. Ct. at 1965 ("As originally understood, then, an 'offence' is defined by a law, and each law is defined by a sovereign.  So where there are two sovereigns, there are two laws, and two 'offences.'").  "Therefore, 'a single act . . . may subject a person to successive prosecutions[] if it violates the laws of separate sovereigns.'" *Denezpi,* 979 F.3d at 781 (quoting *Puerto Rico v. Sanchez Valle*, — U.S. —, 136 S. Ct. 1863, 1867 (2016)).  Mr. Kepler's four prior prosecutions were under the laws of the State of Oklahoma, a separate

sovereign and therefore a separate "offence."

Even if the Fifth Amendment does not explicitly prohibit this prosecution, Mr. Kepler suggests that "fundamental fairness" and due process require the court to dismiss Count One. However, as recognized by the Supreme Court in *Lockhart,* permitting another trial after a first conviction is set aside is "necessary in order to ensure the 'sound administration of justice" and serves the interests of both society and the defendant. *Lockhart*, 488 U.S. at 38-39. To the extent that Mr. Kepler incorporates his motion to dismiss filed before his fourth state court trial and relies on alleged errors by the state court during the prior trials, such proceedings were absolutely void. *Ball,* 163 U.S. at 669. Moreover, the conduct of the prosecuting authority in the prior cases in no way implicates the government in this matter, because, as discussed above, the prosecutions were by a separate sovereign. Mr. Kepler points to no misconduct by the government in this case. Under the circumstances, a fifth trial does not violate Mr. Kepler's substantive due process rights. *See United States v. Batie,* 433 F.3d 1287, 1293-94 (10th Cir. 2006).

### Motion to Dismiss as to Count Two

Mr. Kepler next argues that Count Two of the Indictment—violation of 18 U.S.C. § 924(j)—should be dismissed because it is duplicitous as it charges two separate offenses. Section 924(j) states, in relevant part, "[a] person who, in the course of a [crime of violence], causes the death of a person through the use of a firearm, shall [] if the killing is murder (as defined in section 1111), be punished by death or sentenced to a term of imprisonment for any term of years or for life[.]" 18 U.S.C. § 924(j)(1) (formatting altered from original). The Indictment alleges that Mr. Kepler

> knowingly used and discharged a firearm during and in relation to crimes of violence, to wit:  1) First Degree Murder in Indian County, and 2) Second Degree Murder in Indian County . . . and in the course of committing a violation of Title 18, United States Code, 924(c)(1)(A) caused the death of Jeremy Lake through the

use of a firearm, and the killing constituted murder, as defined in Title 18, United
States Code, Section 1111.

[Doc. 2, p. 2].  Mr. Kepler alleges that the Indictment makes it "impossible to determine whether a jury verdict would be unanimous, allowing some jurors to acquit on Murder in the First Degree and convict on Murder in the Second Degree – or vice-versa – although Second Degree Murder is not specifically charged."  [Doc. 52, p. 5].

"A duplicitous indictment charges the defendant with two or more separate offenses in the same count." *United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998).  The Tenth Circuit has characterized the dangers of duplicity as three-fold:  "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." *Id.* (quoting *United States v. Wiles*, 102 F.3d 1043, 1061 (10th Cir. 1996)); *see also United States v. Ibarra-Diaz*, 805 F.3d 908, 930 (10th Cir. 2015) (quoting *United States v. Washington,* 653 F.3d 1251, 1262 (10th Cir. 2011)) ("Among other concerns, a duplicitous indictment 'presents a danger that the jury may convict a defendant although not reaching a unanimous agreement on precisely which charge is the basis for the conviction,' which would run afoul of 'the Sixth Amendment guarantee to a unanimous jury verdict.'").

In opposition to the motion to dismiss, the government suggests that the Indictment is not duplicitous because it alleges separate means of committing a single § 924(j) offense.  *See United States v. Weller*, 238 F.3d 1215, 1219-20 (10th Cir. 2001); 1A Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Crim. § 143 (5th ed. Oct. 2020 update) ("An indictment is not duplicitous if it merely describes alternative ways of committing a single offense.").  This issue is inadequately briefed and the court declines to address it at this time.

Regardless, however, even if the Indictment were duplicitous, dismissal of Count Two

would not be warranted. *See United States v. Bowline,* 593 F.2d 944, 947 (10th Cir. 1979) (stating of duplicitous indictment "[d]ismissal would not ordinarily . . . be the appropriate remedy"); *Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963) ("Duplicity is not a fatal defect."); 1A Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Crim. § 146 (5th ed. Oct. 2020 update) ("An indictment or information charging two separate offenses in a single count is duplicitous, but this flaw does not require dismissal of the indictment."). Rather, the issue is more appropriately addressed by requiring the government to elect the theory on which it intends to prosecute or through a unanimity jury instruction. *See Bowline,* 593 F.2d at 947; *United States v. Frazier,* 429 F. App'x 730, 735 (10th Cir. 2011) (unpublished)[3]; Fed. Prac. & Proc. Crim. § 146. The court directs the parties to address the appropriate procedure in their respective Trial Briefs.

Insofar as Mr. Kepler argues that the Indictment improperly premises Count Two, the § 924(j) violation, on Second Degree Murder because the statute of limitations for that offense has run, Mr. Kepler's argument also fails. The Tenth Circuit has recently recognized that § 924(j) constitutes a discrete crime. *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1058-60 (10th Cir. 2018). Pursuant to the statute, violation of § 924(j)(1) is punishable by death. *See* 18 U.S.C. § 924(j)(1). "An indictment for any offense punishable by death may be found at any time without limitation." 18 U.S.C. § 3281. Thus, an indictment for violation of § 924(j)(1) has no statute of limitation. *See United States v. Hargrove,* 558 F. App'x 807, 810 (10th Cir. 2014) (unpublished).

Further, it is of no import that the statute of limitations has run for a second degree murder charge. *See United States v. Hargrove*, Nos. 03-20192-CM, 12-2180-CM, 2013 WL 4787917, at *4 (D. Kan. Sept. 9, 2013), *appeal dismissed, Hargrove*, 558 F. App'x 807; *United States v.*

---

[3] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. 32.1(A).

*Montalvo*, No. 11-CR-00366-RJA-JJM, 2014 WL 3894377, at *4 (W.D.N.Y. Apr. 16, 2014) (quoting *United States v. Dames,* No. 04-CR-1247-PAC, 2007 WL 1032257, at *1 (S.D.N.Y. Mar. 30, 2007)) ("[Section 924(j)(1)] offenses . . . are not subject to a statute of limitations, regardless of whether the underlying [offenses], if charged separately, would be time-barred.").

### Motion to Dismiss Count Three

Finally, Mr. Kepler argues that Count Three of the Indictment should be dismissed for two reasons:  (1) the statute of limitations has expired and (2) prosecution of the offense violates the Double Jeopardy Clause of the Fifth Amendment.  The court separately considers each argument.

First, with respect to the statute of limitations, Mr. Kepler asserts that the five-year statute of limitations found in 18 U.S.C. § 3282 applies.  The Indictment charges Mr. Kepler with assaulting and attempting to assault M.H. by discharging a firearm at M.H. with the intent to do bodily harm.  The government has proffered evidence in this case that, at the time of the crime, M.H. was a minor and therefore the government contends that 18 U.S.C. §3283 applies.  Pursuant to 18 U.S.C. § 3283, "[n]o statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer."

Section 3283 does not enumerate or define what constitutes an "offense involving the . . . physical abuse" of a child, nor does the government direct the court to any statute or case providing such definition.  Based on the court's research, it appears to be an issue of first impression in the Tenth Circuit.

The Third Circuit Court of Appeals has recognized that, in enacting § 3283, "Congress . . . evinced a general intention to 'cast a wide net to ensnare as many offenses against children as

possible.'" *United States v. Schneider,* 801 F.3d 186, 196 (3d Cir. 2015) (quoting *United States v. Dodge,* 597 F.3d 1347, 1355 (11th Cir. 2010)).  Thus, courts have declined to limit themselves to the elements of the charged offense, but instead consider the underlying facts to determine the applicability of § 3283.  *See id.* at 196-97; *United States v. Panner,* No. CR-S06-0365-DFL, 2007 WL 549925, at *1 (E.D. Cal. Feb. 20, 2007); *see also Weingarten v. United States,* 865 F.3d 48, 60 (2d Cir. 2017) (recognizing "it would present no practical difficulty or unfairness to apply a fact-based approach to § 3283").

The Indictment alleges that Mr. Kepler, with the intent to do bodily harm, assaulted M.H. by discharging a firearm.  The government has proffered evidence that, at the time, M.H. was a minor and sustained physical injury.[4]  Under the circumstances, the court is inclined to conclude that the alleged violation of § 113(a)(3) constitutes an "offense involving . . . the physical abuse" of a child under the age of 18 years and the statute of limitations in § 3283 applies.  Thus, the motion to dismiss on this issue is denied at this time.  However, as previously stated, the issue is one of first impression and the parties presented little argument as to the applicable limitation period in their briefs.  Accordingly, the denial of the motion on this issue is without prejudice to its reassertion in more thorough briefing, particularly with respect to whether the crime constitutes "physical abuse."

Second, insofar as Mr. Kepler contends that Count Three violates Double Jeopardy Clause of the Fifth Amendment, as discussed above, "a single act . . . may subject a person to successive

---

[4] It is not dispositive that the Indictment does not allege that M.H. was a minor at the time of the offense, as a statute of limitation does not impose a pleading requirement, "but merely creates an affirmative defense for the accused." *United States v. Titterington,* 374 F.3d 453, 457 (6th Cir. 2004); *see also Musacchio v. United States,* 136 S. Ct. 709, 717 (2016) (quoting *Smith v. United States,* 133 S. Ct. 714, 720 (2013)) ("'[C]omission of [a federal] crime within the statute-of-limitations period is not an element of the . . . offense,' and 'it is up to the defendant to raise the limitations defense.'").

prosecutions[] if it violates the laws of separate sovereigns." *Denezpi,* 979 F.3d at 781 (quoting *Sanchez Valle*, 136 S. Ct. at 1867). That is, "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza*, 260 U.S. 377, 382 (1922); *see also Gamble*, 139 S. Ct. at 1967. Although Mr. Kepler was previously convicted of what may constitute a corollary offense under Oklahoma state law, pursuant to the dual sovereignty doctrine, Mr. Kepler may be federally prosecuted and punished for the same act. Thus, dismissal is not required on this basis.

### Conclusion

WHEREFORE, the Motion to Dismiss [Doc. 52] of defendant Shannon James Kepler is denied.

IT IS SO ORDERED this 7th day of January, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE