# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br>-vs.-<br><br>SHANNON JAMES KEPLER,<br><br>     Defendant. | No.  20-CR-00276-GKF |

## DEFENDANT'S MOTION *IN LIMINE*

Defendant Shannon J. Kepler, by counsel, hereby moves the Court to limit the Government, its agents, representatives and witnesses from commenting upon the Defendant's invocation of his right to remain silent and his retention of counsel as evidence of guilt during the trial of this case.  In support hereof, Defendant provides the following:

1. Defendant stands charged by an indictment returned against him on November 5, 2020, alleging four (4) counts: 1) First Degree Murder in Indian Country, 2) Causing Death by Use of a Firearm During and in Relation to a Crime of Violence, 3) Assault with a Dangerous Weapon in Indian Country, and 4) Forfeiture Allegation.

2. The charges stem from an incident that occurred in Tulsa County, Oklahoma on August 14, 2014.

3. Following the shooting, Mr. Kepler retained counsel and surrendered to the Tulsa Police Department with his lawyer.  Mr. Kepler had in his possession his attorney's

business card bearing the notation that he "invoked his right to counsel." He and his attorney informed the police officers that Mr. Kepler had invoked his right to counsel.

4. Defendant seeks to prohibit the Government from eliciting testimony or making argument that Mr. Kepler exercised his right to remain silent upon his surrender and arrest. The Supreme Court and the Tenth Circuit have made clear that the *Miranda* warnings implicitly assure defendants that they will not suffer any prejudice by exercising their right to remain silent. See *Doyle v. Ohio*, 426 U.S. 610 (1967); *Wainwright v. Greenfield*, 474. U.S. 284 ((1986); *U.S. v. Hamilton*, 587 F. 3d 1199 (10th Cir. 2009).

5. In addition, Defendant asks this Court to prohibit the Government from eliciting testimony or making argument that since Mr. Kepler exercised his right to counsel, some inference of guilt could be drawn from that fact. See *U.S. v. Milstead*, 671 F. 2d. 950 (5th Cir. 1982); *Sizemore v. Fletcher*, 921 F. 2d 667 (6th Cir. 1990).

Defendant further contends that such evidence should not be admitted on the grounds that such evidence will cause confusion of the issues and would be prejudicial. Rule 403, FRE. Rule 403, Federal Rules of Evidence, authorizes exclusion of relevant evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

WHEREFORE, the Defendant prays the Court grant his Motion in *Limine* and prohibit or limit the Government from introducing testimony or other evidence relating to the above matters concerning the Defendant, and for such other relief to which Defendant is justly entitled.

Respectfully submitted,

/s/ *Stanley D. Monroe*
Stanley D. Monroe   OBA#6305
*Stanley D. Monroe, P.C.*
Bank of America Center, Suite 2800
15 W. 6th Street
Tulsa, OK  74103
(918) 592-1144
(918) 592-1149 (fax)
stan@sdmonroe.com
Attorney for Defendant Kepler

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th of April, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Sean J. Taylor
Ross E. Lenhardt

*/s/ Stanley D. Monroe*
Stanley D. Monroe