# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

*-vs.-*                                                 No. 20-CR-00276-GKF

**SHANNON JAMES KEPLER,**

    **Defendant.**

## DEFENDANT'S MOTION FOR NEW TRIAL
## PURSUANT TO RULE 33

Defendant Shannon J. Kepler, by counsel, moves the Court for a new trial, pursuant to Rule 33 of the Fed. Rules of Crim. Proc., and *Brady v. Maryland*, 373 U.S. 83 (1963), and in support hereof, would show the Court the following.

1.  Mr. Kepler stood trial before this Court on the Four-Count Indictment filed in anticipation of the Court of Criminal Appeals vacating Mr. Kepler's state court conviction for Manslaughter in the First Degree following his fourth jury trial in Tulsa County. The Government charged him with Count 1 – First Degree Murder in Indian Country, Count 2 – Causing Death by Use of a Firearm During and in Relation to a Crime of Violence, Count 3 – Assault with a Dangerous Weapon in Indian Country, and Count 4 – Forfeiture Allegation. The jury returned a verdict of Not Guilty on Count One, but Guilty on Counts Two and Three, on April 26, 2021.

2.  Unbeknownst to the Defendant and defense counsel until recently, charges were filed against the Government's witness and alleged victim in Count Three, M.H., in Tulsa

County District Court on April 26, 2021. In fact, the Information filed against Mr. Hamilton, now an adult, bears a time stamp of filing at 11:16 a.m., which was about 15 minutes after the time that the jury retired to begin deliberations in this case. (See exhibits A, the criminal information, without the list of witnesses; B, the probable cause affidavit; and C, the court minute from the proceedings of April 26, 2021, attached)

3. Defendant had no knowledge about Mr. Hamilton being under investigation for criminal activity before this filing, and upon information and belief, alleges that this charge was specifically not filed before the date and time it was filed so that the defense team would not learn about it before the jury empaneled to hear Mr. Kepler's trial retired to deliberate. An examination of the Probable Cause Affidavit (Exhibit B) reveals that the detective assigned to the case against Hamilton had signed the document on September 11, 2020, which was notarized on that date. Yet, the Tulsa County District Attorney's Office just sat on it for over seven (7) months. Further, upon information and belief, the U.S. Attorney's Office worked closely with the Tulsa County District Attorney's Office, and certainly, with the Tulsa Police Department leading up to . In *Kyles v. Whitley*, 514 U.S. 419 (1995), the Court held that the prosecutor has an affirmative duty to inquire of agents and officers whether any *Brady* material exists. Here a Motion for Exculpatory Evidence was filed (Dkt. # 51), and Defendant specifically requested impeachment material related to the Government's witnesses.

4. This is a *Brady* violation of the highest magnitude. Even if the Court would not have permitted cross-examination on the specifics of Mr. Hamilton's charges, defense counsel could have inquired into whether Mr. Hamilton had been promised anything

relating to these charges from the State – including the Tulsa Police Department – or had any expectations that his cooperation with the federal government would help him in his state prosecution. An examination of the probable cause affidavit reveals that he made admissions to the assigned detective, so Mr. Hamilton should have known that charges were under consideration. Certainly, the delayed filing ensured that Mr. Hamilton was not in custody when he testified in this trial. He enjoyed the benefit of seven months of freedom in the community when the detective finished her investigation before being arrested. Had the information been timely disclosed, and had been used in the cross-examination of M.H., there is a reasonable probability that the outcome of this case would have been different, or it would have been sufficient to "undermine the confidence in the verdict." *Wearry v. Cain*, 136 S. Ct. 1002 (2016).

5. In an email from Assistant U.S. Attorney, Ross Lenhardt to defense counsel, dated April 15, 2021, regarding potential *Brady* material relating to his witnesses, he referenced M.H., but did not disclose information related to this pending criminal investigation. (See Exhibit D, attached) It is worth noting that during trial, the Government was fastidious about asking the lay witnesses about their criminal histories, drug use and other matters.

6. Defendant should be granted a hearing, before which he should be allowed to conduct limited discovery, including the subpoena of records, consisting of text messages or emails giving the "green light" to filing the charges, if any, as well as any other data reflecting the consultation about the anticipated charges against Hamilton and whether to hold off filing those charges between the U.S. Attorney's Office, the Tulsa County District Attorney's Office, and the Tulsa Police Department, until the jury in Mr. Kepler's case

retired to deliberate. If it is merely coincidental that the charges were filed on that date without regard to the Kepler trial, and that no one involved in the prosecution of Mr. Kepler, was on actual or constructive notice about Michael Hamilton's criminal activity, then the discovery should expose that.

WHEREFORE, in consideration of the foregoing, Defendant requests that the Court schedule a hearing on this motion, and to allow limited discovery, as requested above, and upon a hearing, schedule this case for a new trial, and for such other relief to which he may be deemed entitled.

Respectfully submitted,

/s/ Stanley D. Monroe
Stanley D. Monroe    OBA#6305
*Stanley D. Monroe, P.C.*
Bank of America Center, Suite 2800
15 W. 6th Street
Tulsa, OK  74103
(918) 592-1144
(918) 592-1149 (fax)
stan@sdmonroe.com
Attorney for Defendant Kepler

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th of May, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Sean J. Taylor
Ross E. Lenhardt

/s/ Stanley D. Monroe
Stanley D. Monroe